IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PDOQ, INC. d/b/a PADDY O'QUIGLEY'S, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> IRISH RESTAURANT VENTURES ) <br> SOUTH, L.L.C., et al., ) <br> ) <br> Defendants. ) | Case No. 08-0984-CV-W-ODS |

<u>ORDER AND OPINION (1) DENYING MOTIONS TO DISMISS, AND
(2) ORDERING INDIVIDUAL DEFENDANTS TO SHOW CAUSE</u>

Pending are Defendant Kenneth B. McClain's and Defendant Jess Davis' motions to dismiss (Doc. 50, 54). The motions are denied, and Davis and McClain are ordered to show cause as set forth below.

I. BACKGROUND

The facts of this case were partly detailed in a previous Order of the Court (Doc. 24). Plaintiff filed suit trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* On June 24, 2009, Plaintiff entered into a settlement agreement with McClain, Davis, Irish Restaurant Ventures North, L.L.C., and Irish Restaurant Ventures South, L.L.C. (Defendants[1]). Defendants agreed to pay Plaintiff a lump sum of $37,500.00 and to reimburse Plaintiff $1,000.00 in court costs in exchange for Plaintiff's release of its claims. At the time the settlement agreement was reached,

---

[1] There are two other defendants in this suit–Greenwich Acquisitions, L.L.C. and Wood Chapel Acquisitions, L.L.C.–but they were not parties to the settlement agreement and have not joined in the motions to dismiss.

however, neither Davis nor McClain had been added as parties.[2] Defendants refused to perform under the agreement, and Plaintiff filed a motion to enforce (Doc. 23). The Court granted Plaintiff's motion solely with respect to the Irish Restaurant Ventures entities; the Court refused to enforce the settlement agreement against Davis and McClain because they were nonparties at that time and the Court did not have jurisdiction over them (Doc. 24). Plaintiff subsequently filed with leave of the Court an Amended Complaint adding Davis and McClain as parties (Doc. 31).

Davis and McClain contend Plaintiff's Amended Complaint should be dismissed. They argue Plaintiff is barred from suing them for trademark infringement because Plaintiff promised in the settlement agreement to release its claims against them. Plaintiff counters that payment of the settlement funds was a condition precedent to release of the claims. Since payment has not occurred, Plaintiff contends it is not obligated to release Davis or McClain from suit.

## II. DISCUSSION

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Davis and McClain argue that Plaintiff's Amended Complaint does not have facial plausibility because Plaintiff agreed to release its claims against them. This argument is baseless. Nowhere in Plaintiff's Amended Complaint does Plaintiff allege the existence of the settlement agreement. Plaintiff's Amended Complaint pleads factual content that enables the Court to reasonably infer Davis and McClain are liable for trademark infringement. The Court denies Davis and McClain relief.

---

[2] Plaintiff's counsel explained at a hearing held February 16, 2010, that he did not name McClain in the suit out of professional courtesy since McClain is an attorney.

Even if Plaintiff had alleged the existence of the settlement agreement in its Amended Complaint, Davis and McClain would not be entitled to dismissal. Davis and McClain are seeking specific performance of the settlement agreement. "In order to obtain specific performance of a contract the party seeking the contract must be ready willing and able to perform at all times." *Grease Monkey Intern., Inc. v. Godat*, 916 S.W.2d 257, 262 (Mo. Ct. App. 1995). Davis and McClain have not shown that they are willing to fulfill their promises to Plaintiff. They cannot obtain specific performance of the settlement agreement.

Plaintiff alleges that Davis' and McClain's motions to dismiss were designed to harass, cause unreasonable delay, and needlessly increase the cost of litigation. Plaintiff requests that the Court enter an Order directing Davis and McClain to make the agreed-upon payments under the settlement agreement plus interest. Plaintiff also requests an award of reasonable attorney fees and costs incurred in opposing Davis' and McClain's motions to dismiss. Davis and McClain are Ordered to Show Cause why the requested relief should not be granted. Davis' and McClain's responses shall be filed on or before June 25, 2010.

### III.  CONCLUSION

Davis' and McClain's motions to dismiss are denied. Davis and McClain are Ordered to Show Cause as set forth above.
IT IS SO ORDERED.

                /s/ Ortrie D. Smith
                ORTRIE D. SMITH, JUDGE
DATE: June 11, 2010        UNITED STATES DISTRICT COURT